UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES J. LEASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:11-CV-87 WL |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

James Lease, a prisoner confined at the Indiana State Prison, filed a motion for medical records for 42 U.S.C. § 1983 action. The Court afforded him time within which to file an amended complaint, and he has filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging that Dr. Michael Mitcheff, M.D., Health Care Administrator Dawn Nelson, Dr. Gerald Myers, M.D., and Dr. House, M.D., violated the Eighth Amendment's prohibition against cruel and unusual punishments when they denied him pain medication and denied or delayed needed medical treatment.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for

failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation marks, ellipsis, citations, and footnote omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Lease brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Lease asserts that he has a serious medical need for treatment for a hernia "with a high risk of intestinal strangulation" (DE 3 at 4), a severe case of pancreatitis, and a

2

ruptured pancreas following surgery but that the defendants denied and delayed his "access to much needed medical treatment" (DE 3 at 4). He also alleges that his medical conditions are painful, but that the defendants have denied him pain medication to deal with his pain.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether

the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Lease the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that defendants Mitcheff, Myers, and House were deliberately indifferent to his serious medical needs causing him unnecessary pain and suffering.

Lease also names Health Care Administrator Dawn Nelson as a defendant. He alleges that she "is the head of (CMS) and therefore was in position of control over every inmate's proper medical care. By her not insisting on the proper care of my medical needs she has violated my" Eighth Amendment rights (DE 3 at 4).

The Plaintiff seeks only damages (DE 3 at 6). Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show a defendant's

personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Supervisory liability will be found only if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). Nothing in the plaintiff's complaint suggests that Dawn Nelson was personally involved in his treatment or that she is a proper defendant in this action.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Dr. Michael Mitcheff, M.D., Dr. Gerald Myers, M.D., and Dr. House, M.D. in their personal capacities for damages on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs;

(2) Pursuant to 28 U.S.C. § 1915A, DISMISSES Health Care Administrator Dawn Nelson from this action;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Mitcheff, Myers, and House respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on defendants Mitcheff, Myers, and House, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint (DE 3).

SO ORDERED.

DATED: September 7, 2011

                                                s/William C. Lee  
                                                William C. Lee, Judge  
                                                United States District Court