UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES J. LEASE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:11cv87 |
| | ) |
| DR. MICHAEL MITCHEFF, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendants, Dr. Michael Mitcheff, and Dr. Gerald Myers, on November 17, 2011. The plaintiff, James J. Lease ("Lease"), proceeding pro se, filed his response on November 18, 2011, to which the defendants replied on December 27, 2011.

For the following reasons, the motion for summary judgment will be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly

supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

## Discussion

Lease has been incarcerated at the Indiana State Prison since September 25, 2006. Lease alleges that Defendant Dr. Michael Mitcheff ("Mitcheff") denied him pain medication and access to medical treatment from May, 2010 to January, 2011. Mr. Lease alleges that Defendant Dr. Gerald Myers ("Myers") failed to treat a surgical incision rupture that occurred from a surgery he had in May, 2009.

The Offender Grievance Program at the Indiana State Prison is a two-step process, consisting of the filing of a grievance and an appeal. A grievance must be filed within twenty (20) working days of the alleged incident. Under the Offender Grievance Program, an offender may grieve issues or complaints regarding medical treatment. Lease has filed only two grievances. James Lease filed a grievance on August 4, 2010 about medical issues. That grievance, Log ID 60570, concerned Lease's allegations of being denied medical attention and being in pain. Lease received a response to that grievance on August 12, 2010. Lease did not appeal that grievance and he therefore did not complete the two-step process regarding that grievance. Lease filed another grievance, on January 11, 2011, Log ID 63409, but that grievance concerned comments made to him by a staff member. The grievance records show that Lease did not exhaust the administrative remedies available to him regarding medical issues.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (1994 ed., Supp. V), "directs: 'No action shall be brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" Porter v. Nussle, 122 S. Ct. 983, 985-86 (2002). That "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrence," Id. at 986, and includes all available administrative appeals, Burrell v. Powers, 431 F.3d 282 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002).

Consequently, "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' [Citations omitted.] Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 122 S. Ct. at 988. An administrative remedy is "available" if the administrative procedure has "'Authority to take some action in response to a complaint.'" See Larkin v. Galloway, 266 F.3d 718, 723 (7th Cir. 2001). The meaning of "some action" embraces discipline of officers, moving an inmate to another unit or facility, and even merely holding a hearing. Id.

It is not enough that an inmate file a grievance. "To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim. . . . [T]hese include time limits." Pozo, 286 F.3d at 1025. The Seventh Circuit summed up the applicable jurisprudence on this issue as follows: "This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Pozo). If there were any doubt that this is the law of not just the Seventh Circuit but of the United

3

States, that doubt was laid to rest in Woodford v. Ngo, 126 S. Ct. 2378 (2006), in which the Court held that a prisoner whose grievance had been rejected as untimely had not "exhausted" within the meaning of the PLRA.

In Booth v. C.O. Churner, 532 U.S. 731 (2001), the Court strictly enforced Section 1997e(a), holding that the offender must exhaust administrative remedies even if they do not provide the relief he seeks. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 741. In Woodford v. Ngo, 548 U.S. 81 (2006), the Court stated that, "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The Court went on to state,

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction. For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

Id. at 95.

Moreover, in Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002), the Court of Appeals stated that, "a prisoner who does not properly take each step within the administrative

4

process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983."

The defendants contend that although there are multiple grounds for dismissing this suit, and they have preserved those other grounds in their Answer and Affirmative Defenses, "the court must not proceed to render a substantive decision until it has first considered § 1997e(a)." Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534 (7th Cir. 1999). The defendants have asserted their § 1997e(a) defense, and accordingly, the court "must address the subject immediately." Id. As a final matter, there is no "futility exception" to an offender's § 1997e(a) obligation to exhaust administrative remedies. According to the Seventh Circuit, "[n]o one can know whether administrative requests will be futile; the only way to find out is to try." Perez, 182 F.3d at 536.

In the present case, Lease claims that Mitcheff and Myers failed to treat his injuries after a surgery in May, 2009 and failed to give him pain medication from May, 2010 to January, 2011. However, Lease only filed one grievance about these issues. Lease received a response to that grievance and instead of appealing the grievance and completing the grievance process available to him, Lease chose to file this lawsuit instead. Clearly, Lease knows how to use the grievance process, since he filed two grievances. However, Lease did not complete the grievance process regarding the allegations in his Complaint and, consequently, this court must grant summary judgment.

Lease has responded to the motion for summary judgment, in the form of a letter stating that he has exhausted his administrative remedies. The defendants first note that the letter is not a verified statement or affidavit and is inadmissible evidence. However, even considering the

process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983."

The defendants contend that although there are multiple grounds for dismissing this suit, and they have preserved those other grounds in their Answer and Affirmative Defenses, "the court must not proceed to render a substantive decision until it has first considered § 1997e(a)." Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534 (7th Cir. 1999). The defendants have asserted their § 1997e(a) defense, and accordingly, the court "must address the subject immediately." Id. As a final matter, there is no "futility exception" to an offender's § 1997e(a) obligation to exhaust administrative remedies. According to the Seventh Circuit, "[n]o one can know whether administrative requests will be futile; the only way to find out is to try." Perez, 182 F.3d at 536.

In the present case, Lease claims that Mitcheff and Myers failed to treat his injuries after a surgery in May, 2009 and failed to give him pain medication from May, 2010 to January, 2011. However, Lease only filed one grievance about these issues. Lease received a response to that grievance and instead of appealing the grievance and completing the grievance process available to him, Lease chose to file this lawsuit instead. Clearly, Lease knows how to use the grievance process, since he filed two grievances. However, Lease did not complete the grievance process regarding the allegations in his Complaint and, consequently, this court must grant summary judgment.

Lease has responded to the motion for summary judgment, in the form of a letter stating that he has exhausted his administrative remedies. The defendants first note that the letter is not a verified statement or affidavit and is inadmissible evidence. However, even considering the

letter, the defendants argue that the information in Lease's letter does not refute the fact that he did not exhaust his administrative remedies prior to filing suit. In his letter, Lease states that he was in pain and forgot to follow up on his grievances. Clearly, however, this is not a valid excuse from the strict exhaustion requirement mandated by the PLRA. Lease attached a letter he received from the Ombudsman Bureau to show that he tried to exhaust his administrative remedies. However, as the letter from the Ombudsman Bureau states, the Ombudsman Bureau is not part of the grievance process at the prison and was not the proper forum for Lease's grievances. Lease also attached a purported grievance appeal form to his letter, which he claims he filed to appeal his grievance, Log ID 60570. However, this document is not authenticated and is therefore inadmissible. Furthermore, the document was filed on October 30, 2011, which is far outside the timeframe for Lease to appeal his grievance, which was responded to on August 12, 2010. According to Exhibit 2 of the Affidavit of Lori Bootz, submitted by the defendants in support of their motion, Lease had 10 working days from August 12, 2010 to appeal his grievance. Lease did not try to appeal grievance Log ID 60570 until October 20, 2011, after he filed this lawsuit, and he therefore failed to complete the grievance process regarding the allegations in his Complaint. Accordingly, summary judgment will be granted in favor of the defendants.

## Conclusion

On the basis of the foregoing, the defendants' motion for summary judgment [DE 21] is hereby GRANTED.

Entered: March 23, 2012.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court